UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN OTTE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:24-CV-712 ACL |
| | ) |
| KELLY MORRISS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of self-represented petitioner's amended application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, ECF No. 6, and motion for leave to proceed *in forma pauperis*, ECF No. 4. Upon review of the financial affidavit and certified account statement, the Court has determined that petitioner is unable to pay the filing fee and will be granted leave to proceed *in forma pauperis*. Additionally, for the reasons discussed below, petitioner will be ordered to file a second amended petition on a Court form.

### The Petition and Amended Petition

Petitioner is a self-represented litigant who is currently in custody at the Algoa Correctional Center in Jefferson City, Missouri. On May 15, 2024, petitioner filed a handwritten petition for writ of habeas corpus on fifteen pages of notebook paper. ECF No. 1. On May 23, 2024, the Court issued an Order directing petitioner to amend on a Court form as required by Local Rule 2.06(A). ECF No. 3.

On June 20, 2024, petitioner submitted his amended petition under 28 U.S.C. § 2254 on a Court-provided form with five extra handwritten pages. ECF No. 6. Petitioner asserts he is challenging three separate judgments, two from Randolph County Circuit Court and one from

Juvenile Court. As to *State v. Otte*, Case No. 18RA-CR00067-01 (14th Jud. Cir. Ct., Randolph Cnty.), petitioner entered a guilty plea on a charge of driving while revoked/suspended on June 17, 2020, the court suspended the execution of his sentence, petitioner was placed on supervised probation which was subsequently revoked due to a violation, and he was sentenced on January 3, 2024.[1] As to *State v. Otte*, Case No. 22RA-CR00040-01 (14th Jud. Cir. Ct., Randolph Cnty.), petitioner entered a guilty plea on the charges of resisting/interfering with arrest and 3rd degree assault of a special victim on March 9, 2023, the sentence was suspended, petitioner was placed on supervised probation which was subsequently revoked due to a violation, and he was sentenced on March 13, 2024. As to the third judgment, Case No. 22RA-JU-00028, the Court is unable to review juvenile court matters on Case.net.

The grounds raised by petitioner are difficult for the Court to decipher due to the narrative format of his assertions and the additional sheets of paper he adds to the petition. Grounds One and Three appear to challenge his guilty plea in Case No. 18RA-CR00067-01. Ground Two appears to complain he did not have a jury trial in Case No. 22RA-JU-00028. Ground Four appears to challenge the charges in Case No. 22RA-CR00040-01. It is unclear whether petitioner is intending to dispute his probation revocation, or is limiting his petition to the original charges and guilty plea.

Additionally, petitioner does not provide evidence of exhaustion. Instead, he writes, "this is wrong to make a person exhaust[t] state remedies when state violated my rights," ECF No. 6 at 7, and it is "up to the courts to tell a person what exhausting state remedies mean and what does state remedies mean when the state is who violated the plead [sic], *id.* at 12.

---

[1] Petitioner's underlying criminal cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

**Discussion**

After careful review of the amended habeas petition, the Court will allow petitioner a second opportunity to submit a 28 U.S.C. § 2254 form with the proper information written legibly.

Petitioner must concisely state the ground(s) on which he bases his petition. Petitioner should *not* include any exhibits or attachments to the Court's 28 U.S.C. § 2254 form unless additional room is needed specifically to list more than four grounds. Petitioner must be clear as to whether he is challenging his original conviction or the probation revocation.

While a habeas petitioner is not precluded from challenging more than one conviction in a § 2254 petition, the convictions *must* arise from the same state court. *See* Rule 2(e), Rules Governing § 2254 Cases in United States District Courts, titled "Separate Petitions for Judgments of Separate Courts" ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."); Advisory Comm. Notes (this rule permits an attack in a single petition on multiple judgments from the same court). Consequently, the two Randolph County judgments petitioner challenges are not appropriately joined with the juvenile court case.

Further, "[a]s a prerequisite for federal habeas review, a petitioner must exhaust state remedies." *Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996) (citation omitted). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This requires that the prisoner "give state courts a fair opportunity to act on their claims." *O'Sullivan v. Boerckel*, 526 U.S. 844, 842 (1999).

Under 28 U.S.C. § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

3

>   (A) the applicant has exhausted the remedies available in the courts of the State . . .

In *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" *Duncan*, 533 U.S. at 179 (citing *Rose*, 455 U.S. at 518). "The exhaustion rule promotes comity in that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id.* (internal quotations and citations omitted). As stated by the Court in *O'Sullivan*, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." A petitioner satisfies the exhaustion requirement by showing either that he "made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999); *accord Meador v. Branson*, 688 F.3d 433, 435 (8th Cir. 2012). *See also Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) (stating that petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process").

4

Moreover, if a person receives a suspended execution of sentence and is placed on probation, violates the conditions of his probation, has his probation revoked, and his sentence is executed, he may pursue § 2254 relief *after* exhausting state remedies by filing a state habeas petition under Rule 91 in the circuit or associate circuit court of the county where he is in custody. *See* Mo. S. Ct. R. 91.01(a).  Thereafter, to be considered exhausted for purposes of federal habeas relief, the claims must be presented in a Rule 91 state habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. *See Upchurch v. Redington*, 2018 WL 6046411 (E.D. Mo. Nov. 19, 2018).

Therefore, before federal habeas relief can be granted, a person in state custody is required to exhaust available state remedies. 28 U.S.C. § 2254(b)(1). Here, petitioner has not established that he exhausted his state remedies concerning his conviction, sentencing, or probation revocation. The Court can find no evidence that petitioner has timely raised the arguments which he brings here before a Missouri state court. As such, it appears petitioner has not completed the "one full round of litigation" necessary to satisfy the exhaustion requirement. *See e.g.*, *See Jones v. Solem*, 739 F.2d 329, 331(8th Cir. 1984) (affirming dismissal, without prejudice, of a § 2254 petition due to petitioner's failure to exhaust state remedies where petitioner's appeal from the denial of a state post-conviction action was still pending in state court when he filed his federal habeas action).

Petitioner will be given twenty-one (21) days in which to comply with the Court's Order and submit a legible and concise habeas petition on the proper form, clearly indicating which judgment he is challenging, and that he has exhausted all grounds for relief in state court. Failure to submit an amended petition on a Court within twenty-one (21) days will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to petitioner a copy of the Court's 28 U.S.C. § 2254 form.

**IT IS FURTHER ORDERED** that petitioner must file a second amended 28 U.S.C. § 2254 petition within **twenty-one (21) days** of the date of this order. The amended petition ***should not* include any added pages unless he is intending to list more than four grounds.**

**IT IS FURTHER ORDERED** that within the second amended petition, petitioner shall clearly set forth his efforts at exhausting his administrative remedies in state court.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court will dismiss this action without prejudice.

Dated this   1st   day of July, 2024.

*Abbie Crites-Leoni*
_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE