UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN OTTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-712 ACL |
| | ) | |
| KELLY MORRISS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented petitioner Shawn Otte's response and supplemental response to the Court's August 8, 2024 Order to Show Cause as why his petition for writ of habeas corpus should not be dismissed for either exhaustion or untimeliness. ECF Nos. 10, 11. Having reviewed the responses, it appears petitioner is intending to challenge his original conviction in *State v. Otte*, Case No. 22RA-CR00040-01 (14th Jud. Cir. Ct., Randolph Cnty.). For the reasons discussed below, the Court must dismiss this action as time-barred pursuant to 28 U.S.C. § 2254.

## The Petition and First Amended Petition

Petitioner is a self-represented litigant who is currently in custody at Algoa Correctional Center in Jefferson City, Missouri. On May 7, 2024, petitioner filed a handwritten petition for writ of habeas corpus on fifteen pages of notebook paper.[1] ECF No. 1. The Court issued an Order directing him to amend on a Court form as required by Local Rule 2.06(A). ECF No. 3.

On June 20, 2024, petitioner submitted his first amended petition under 28 U.S.C. § 2254 on a Court-provided form with five extra handwritten pages. ECF No. 6. He challenged three

---

[1] Petitioner certified he hand delivered the petition for mailing on May 7, 2024, and his envelope was postmarked May 13, 2024. *See* ECF Nos. 1 at 11; 1-3. "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

separate judgments, two from Randolph County Circuit Court and one from a juvenile court. As to *State v. Otte*, Case No. 18RA-CR00067-01 (14th Jud. Cir. Ct., Randolph Cnty.), petitioner entered a guilty plea on a charge of driving while revoked on June 17, 2020, the court suspended the execution of his sentence, petitioner was placed on supervised probation which was subsequently revoked due to a violation, and he was sentenced on January 3, 2024.[2] As to *State v. Otte*, Case No. 22RA-CR00040-01 (14th Jud. Cir. Ct., Randolph Cnty.), petitioner entered a guilty plea on the charges of resisting/interfering with arrest and 3rd degree assault of a special victim on March 9, 2023, the sentence was suspended, petitioner was placed on supervised probation which was subsequently revoked due to a violation, and he was sentenced on March 13, 2024. As to the third judgment, Case No. 22RA-JU-00028, the Court cannot review juvenile court matters on Case.net.

On July 1, 2024, the Court directed petitioner to amend his petition again for the following reasons: (1) the grounds raised were difficult to decipher due to the narrative format of his assertions; (2) it was unclear whether petitioner was intending to dispute his probation revocations or the original convictions; (3) he did not provide evidence of exhaustion if he was attempting to challenge the revocation of his probation; and (4) the three actions he appeared to challenge did not all arise from the same court. ECF No. 7.

**Second Amended Petition**

On July 24, 2024, the Court received the second amended petition which appeared to isolate the habeas challenge to one case: *State v. Otte*, Case No. 22RA-CR00040-01. ECF No. 8 at 1. Petitioner listed the grounds for his petition as: (1) "constitutional violation;" (2) "violation of plead false charges," (3) "stealing of my child;" and (4) "deny access to court." *Id.* at 2-4, 6-9.

---

[2] Petitioner's underlying criminal cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records).

Petitioner checked the "yes" box in answer to the question of whether he appealed this matter to the highest state, but then contradictorily wrote he did not appeal because the "Missouri Supreme Court state[d] they don't deal with those kind of claim[s]." *Id.* at 2. Petitioner further indicated he appealed from the judgment of conviction, *id.* at 3, but the case cited was a civil rights action he filed in this Court pursuant to 42 U.S.C. § 1983 on January 26, 2024. *See Otte v. Fussleman, et al.*, Case No. 2:24-cv-00009-NCC. Under the sections to indicate whether he filed post-conviction proceedings, petitioner listed an unrelated state criminal case, *State v. Otte*, Case No. 18RA-CR00067-01, and an unrelated juvenile case, Case No. RA-JU00028. *Id.* at 5, 8. These matters are not post-conviction actions.

### Show Cause Order

On August 8, 2024, the Court issued a Show Cause Order. ECF No. 9. The Court explained that under 28 U.S.C. § 2254(b)(1), "[a]s a prerequisite for federal habeas review, a petitioner must exhaust state remedies." *Id.* (quoting *Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996) (citation omitted)). The Court instructed that if a person challenges a probation revocation, he may pursue § 2254 relief *only after* exhausting state remedies by filing a state habeas petition under Rule 91 in the circuit or associate circuit court of the county where he is in custody. *See* Mo. S. Ct. R. 91.01(a). Thus, to be considered exhausted for purposes of federal habeas relief, the claims must be presented in a Rule 91 state habeas petition to either the Missouri Court of Appeals or the Missouri Supreme Court. *See Upchurch v. Redington*, 2018 WL 6046411 (E.D. Mo. Nov. 19, 2018). Petitioner here had not established he exhausted his state remedies as to his probation revocation.

Additionally, because it was not entirely clear whether it was petitioner's intent to challenge his original conviction rather than the probation revocation, the Court also addressed the issue of timeliness. Petitioner pled guilty on March 29, 2023 in *State v. Otte*, Case No. 22RA-

3

CR00040-01. On the same day of his plea, his execution of sentence was suspended, and he was placed on probation for a period of 5 years with the State Board of Probation and Parole. Petitioner subsequently violated his probation and, on March 13, 2024, he was sentenced to a total term of imprisonment at the Missouri Department of Corrections of eleven (11) years. Petitioner's judgment on his original conviction became final ten (10) days after he was originally sentenced on March 29, 2023, and his statute of limitations expired a year and ten days after that time on *April 8, 2024*. His habeas petition was filed on May 7, 2024. Thus, petitioner's application for writ of habeas corpus as to his original conviction is untimely.

Consequently, the Court ordered petitioner to show cause why the petition should not be dismissed under 28 U.S.C. § 2254(b)(1)(A) for failure to exhaust available state remedies in *State v. Otte*, Case No. 22RA-CR00040-01 or, if he was intending to challenge his original conviction, why the Court should not dismiss the petition as time-barred pursuant to 28 U.S.C. § 2254.

### Petitioner's Response to the Show Cause Order

Petitioner filed a sixteen-page response to the Court's show cause order. ECF No. 10. On the first page of the response, petitioner explicitly states he is challenging the "original conviction" related to the guilty plea he entered for resisting arrest in *State v. Otte*, Case No. 22RA-CR00040-01. *Id.* He argues he should not have also been charged for the 3rd degree assault of a special victim because he did not plead guilty to that charge and, as a result, he was wrongfully convicted. *Id.* at 1-3. He does not believe that the one-year statute of limitations period set by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to him because his "case has nothing to do with Terrorism or Death Penalty." *Id.* at 2. He further asserts he "didn't know that a writ of habeas corpus had a time limit[.]" *Id.* at 3. He asks this Court to contact the Randolph County Public Defender's Office for the video footage related to his underlying criminal conviction to "see that there was no 3rd degree assault on a special victim." *Id.* at 5. Throughout

4

the remainder of the response, Petitioner insists he has exhausted his remedies or has at least attempted to do so. Petitioner does not, however, provide any reasons for why the Court should apply equitable tolling.

On October 1, 2024, the Court received an additional seven-page document from petitioner, which appears to be a supplement to his show cause response. ECF No. 11. Within, petitioner argues the criminal prosecutor in his criminal case should not be granted immunity. He also discusses his frustration with a domestic relations action in Randolph County Court, in which it appears he was denied custody of his son. He again contends he should not have been charged for the 3rd degree assault of a special victim because he did not plead guilty to that charge. He further takes issue with the general legality of same sex marriage. There is no mention of equitable tolling within the filing.

### Discussion

As detailed in the Court's August 8, 2024 Order to Show Cause, Congress established a one-year statute of limitations period under the AEDPA for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

Under Missouri law a suspended execution of sentence ("SES") is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *Laird v. Cassady*, No. 4:18-CV-2078 HEA, 2019 WL 3752626, at *2 (E.D. Mo. Aug. 8, 2019) (citing *State v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999)). Thus, the time for filing

5

a direct appeal of the judgment expires ten (10) days after the judgment was entered. Mo. Sup. Ct. R. 30.01(d).

Here, petitioner pled guilty on March 29, 2023 in *State v. Otte*, Case No. 22RA-CR00040-01. On the same day of his plea, his execution of sentence was suspended, and he was placed on probation for a period of 5 years with the State Board of Probation and Parole. Petitioner subsequently violated his probation and, on March 13, 2024, he was sentenced to a total term of imprisonment at the Missouri Department of Corrections of eleven (11) years. Petitioner's judgment on his original conviction became final ten (10) days after he was originally sentenced on March 29, 2023, and his statute of limitations expired a year and ten days after that time on *April 8, 2024*. His habeas petition was filed on May 7, 2024. Thus, petitioner's application for writ of habeas corpus as to his original conviction is untimely.

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001). A petitioner seeking application of equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009).

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018). With regard to the second prong, there must be an extraordinary circumstance that is beyond the

prisoner's control and which rises above "a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Furthermore, the extraordinary circumstance must be external to the petitioner and not attributable to his actions. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012). Equitable tolling provides otherwise time-barred petitioners with "an exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805.

The only argument the Court can find in his responses relevant to equitable tolling is that he "didn't know that a writ of habeas corpus had a time limit[.]" ECF No. 10 at 3. "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris,* 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted). Thus, "the fact that he did not know about the limitations period cannot warrant equitable tolling." *Ingrassia v. Schafer*, No. 4:10-CV-849 DDN, 2010 WL 2291840, at *2 (E.D. Mo. June 3, 2010). To any extent, petitioner can be understood to argue that he should be allowed to proceed, despite untimeliness, because he is innocent of the assault of a special victim charge, such an argument also fails. *See Flanders v. Graves*, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling). As a result, the Court will summarily dismiss the instant petition as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED AND DISMISSED AS TIME-BARRED**. *See* Rule 4 of the Rules Governing § 2254 Proceedings; 28 U.S.C. § 2244(d)(1)(A). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability in this action.

Dated this 3rd day of October, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE